UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY D. COATNEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 2:19-cv-1950
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court as to objections filed to the Report and Recommendation issued by the Magistrate Judge, recommending that the decision of the Commissioner of Social Security denying disability benefits to the plaintiff, Timothy D. Coatney, be affirmed. For the reasons that follow, the decision of the Commissioner is **REVERSED** and the case is **REMANDED** for further review.

### I.

Plaintiff filed an application for disability benefits in 2015. After receiving a notice that benefits were denied, he filed an appeal which resulted in a hearing before an Administrative Law Judge ("ALJ"), who also found him ineligible for benefits, insofar as she concluded Coatney retained the residual function capacity to perform gainful employment. He then appealed the denial of benefits to this Court. The Magistrate Judge has recommended that the decision denying benefits be **AFFIRMED**.

1

## II.

Both federal law and subsequent court decisions provide that a federal district court reviews a decision of the Commissioner of Social Security to determine if the conclusions are supported by substantial evidence. 42 U.S.C. § 405(g); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). In turn, substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Ultimately, the Court considers "whatever in the record fairly detracts from the weight" of the decision. *TNS Inc. v. NLRB*, 296 F.2d 384, 395 (6th Cir. 2002).

## III.

The plaintiff raises two objections. First, he alleges that improper weight was given to the opinions of Dr. Whitehead, a consultative examiner selected by the defendant to examine the plaintiff. Second, Coatney claims that the opinions of the treating physician are entitled to significant weight, unless the ALJ provides "good reason" to reject such conclusions. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

While the two objections raise discrete issues, collectively the issues overlap. For the reasons that follow, the Court finds that the ALJ did not appropriately find good reason to reject the opinions of Dr. Bhat. The ALJ did not (1) consider other medical evidence that supported and corroborated the opinions of Dr. Bhat; (2) review the entirety of the opinions and medical support provided by Dr. Bhat; and (3) give any consideration to the fact that the three medical providers who actually examined Coatney all found work restrictions much greater than assigned by the ALJ and, if adopted, would have deemed him disabled.

2

Before diving into medical details, the Court pauses for an observation. By necessity, Social Security Law regarding disability is complex, covering a myriad of medical issues and claimants with a broad range of educational and vocational levels. To treat people fairly, consistent rules are essential, but ultimately, the Commissioner must answer the question of whether a claimant can engage in gainful employment due to a physical or mental impairment. Sometimes, the details of the regulations and the limited scope of judicial review combine to subordinate the ultimate issue of disability to mechanical adherence to regulations. Highly professional and competent ALJs, such as in the case here, must decide very difficult medical issues involving conflicting expert testimony.

Here, two well credentialled treating physicians submitted several reports of record, opining that the claimant is disabled. The Social Security Administration then sent Coatney to Dr. Whitehead, a disability specialist, and Dr. Evans, a psychologist. After examining the plaintiff, both of these experts rendered opinions imposing work limitations on Coatney which would have rendered him disabled. In essence, the two examining professionals corroborated the treating physicians.

The Commissioner's decision rejected all of those opinions for a variety of reasons discussed below. Dr. Bhat addressed psychiatric issues, which the Commissioner alleged were beyond his expertise as an infectious disease specialist. While perhaps true, his opinions were subsequently corroborated by Dr. Evans, who is an expert in mental health issues. Each expert's opinions were dissected in a vacuum, when in fact one supported the other. Likewise, the physical limitations adopted by Dr. Bhat were substantiated by Dr. Whitehead. Again, their opinions were evaluated in isolation.

3

Judicial review requires consideration of the entire record to ensure that the decision was supported by substantial evidence.

### IV.

The ALJ made the following findings:

> I find that the claimant has the residual functional capacity to perform light work... except that he could occasionally climb ramps and stairs, push/pull with the lower extremity: or work in temperature extremes/ humidity/ atmospheric conditions; frequently stoop, kneel, crouch and handle finger; never climb ladders, robes or scaffolds; and never work around hazards such as unprotected heights or exposure to moving mechanical parts. Mentally the claimant is able to perform simple routine tasks at an average pace, without strict time limit or production demands; can interact occasionally with coworkers and supervisors or matters limited to the straight forward exchange of information without teamwork or tandem work, but duties should not require the interaction with the general public; and can adapt to occasional changes in duties that are explained.

(R. 67.)

In making such findings, this ALJ rejected a substantial portion of the conclusions reached by Dr. Bhat. She found (1) one report from Dr. Bhat was wholly unsupported; (2) he opined on social anxiety, although he is not a mental health expert; (3) his findings of physical limitations were internally inconsistent.

Initially, the Court notes that in a single paragraph letter Dr. Bhat concluded that Coatney "is unable to participate in meaningful work." (R. 1039.) No doubt a letter of such brevity does not suffice. But the record contains much more from Dr. Bhat, including a seven page report described below.

Second, he is an internist and infectious disease specialist. Internists are certainty versed in mental health issues and not precluded from giving testimony on such issues. But most importantly, Dr. Bhat's conclusions were supported by Dr. Evans, a psychologist retained by the commissioner. This corroboration is not noted by the Commissioner.

4

Third, the Commissioner takes issue with a seven page form completed by Dr. Bhat on July 27, 2017. In a "Medical Source Statement," a form prepared by the defendant, Dr. Bhat noted that Coatney could use his hands for repetitive grasping and pulling but not for fine manipulation and not able to reach in any direction. (R. 1423, 1426.) According to the ALJ, "Clearly one must be able to reach more then none or rarely to engage in repetitive pushing, pulling and handling. (R. 30.) The form itself, provided by the defendant, made such distinctions. The clear implication of the many questions was that a person could do repetitive grasping without reaching. The impairment of one such function does not necessitate the impairment of a separate function.

It is undeniable that the ultimate evaluation and weighing of Dr. Bhat's testing is for the ALJ, not a district court. Yet, a good reason must be given to reject the opinion of the treating physician.

Dr. Whitehead examined the plaintiff at the request of the defendant. While not entirely consistent with Dr. Bhat, Dr. Whitehead opined that Coatney could only do sedentary work, a critical issue in this case. No reference was made by the Commissioner to the similar findings submitted by both doctors. Each noted the same four primary conditions, including HIV (in remission), COPD, peripheral neuropathy and lumbosacral back pain. (R. 1450.) Both noted anxiety, difficulty walking, low back implicated by a herniated disc, antalgic gait and decreased mobility. (R. 1450.) With no medical expert opinions to the contrary, the Commissioner none the less concluded that "clinical findings do not support a limit to secondary work." (R. 71.)

Dr. Evans, also retained by the Commissioner, described in detail suicide attempts, PTSD, major depressive disorder, mania anxiety and panic attacks. She opined that "The claimant's ability to respond to work pressures in a work setting would be affected by his mental

5

health symptomatology." (R. 1468.) Importantly, she wrote in her report that "it might be beneficial to have Mr. Coatney complete intelligence and memory testing." (R.1466.) After receiving her report, the Commissioner did not seek the suggested additional testing.

The ALJ found the opinions of Dr. Evans "not consistent with the record as a whole." (R. 72.) No mention was made that her opinion was consistent with Dr. Bhat.

Instead, the ALJ rejected portions of all three medical providers who either treated or examined Coatney. She placed greater weight on a physician and psychologist who reviewed the records and opinions of Drs. Bhat, Whitehead and Evans. The reviewers found the same disorders described by Drs. Bhat and Whitehead, that being HIV, COPD, peripheral neuropathy, spine disorders and anxiety disorders. (R. 752, 791.) All the conditions were described as severe by a doctor with undescribed specialties, if any. The other medical expert was listed as a Ph.D., which the Court assumes is a clinical psychologist. Without testing or examining the plaintiff, the reviewers concluded that Coatney could lift 50 pounds, could stand for six hours in an eight-hour shift and had no limitations on pushing or pulling. No citation to tests or findings were included. No treating or examining doctor of record supported those conclusions.

The ALJ concluded:

> Although neither examining nor treating mental health providers, those experts are licensed psychologists with knowledge of the Social Security Administration's program and requirement. Their opinion is consistent with the medical evidence of record; however, I framed the opinion in more vocationally relevant terms and added pace limitations, base on testimony. Therefor, I give the Bureau of Disability determination some weight."

(R. 72.)

Both Drs. Whitehead and Evans presumably had the same familiarity with Social Security procedures, as evidenced by the fact the Commissioner retained them. The opinions given by the reviewer, was not in accord with other medical evidence.

## V.

The evidence in this case is by no means all in support of disability benefits. This Court again notes that it is not to make its own resolution of disputed facts. For the reasons explained, the Court is convinced that the evidence must be re-evaluated in accordance with the concerns herein noted.

## VI.

It is **ORDERED** that the decision denying disability benefits to the plaintiff is **OVERRULED**. This case is **REMANDED** to the Commissioner for further proceedings.

IT IS SO ORDERED.

9-28-2020
**DATE**

s/Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**